Blasi v. New York City Board of Education

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand thirteen.

PRESENT:
> DENNIS JACOBS,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges,*
> JOHN G. KOELTL,[*]
> > *District Judge.*

_____

William J. Blasi,

> *Plaintiff-Appellant,*

v.                                                    12-3679

New York City Board of Education, Dennis M. Walcott, in his official capacity as Chancellor of the New York City Board of Education, Susan Friedman, individually and in her official capacity as Principal at Sheepshead Bay High School, Elaine Farran, individually and in her official capacity as Assistant Principal of Social Studies at

_____

[*]Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

**Sheepshead Bay High School, Joyce Coppin, individually and in her official capacity as Superintendent of Brooklyn High Schools, City of New York,**

*Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**       William J. Blasi, *pro se*, Pen Argyl, PA

**FOR DEFENDANTS-APPELLEES:**       Francis F. Caputo, Assistant Corporation Counsel, *for* Michael A. Cardozo, Corporation Counsel for the City of New York, New York, N.Y.

Appeal from the judgment of the United States District Court for the Eastern District of New York (Mauskopf, *J.*; Go, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant William Blasi, a former attorney proceeding *pro se*, appeals from the judgment of the district court granting the defendants' summary judgment motion in his employment discrimination action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

We review orders granting summary judgment *de novo*. *See Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013). "Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.* In determining whether

there are genuine disputes of material fact, this Court is "'required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.'" *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quoting *Stern v. Trs. of Columbia Univ. in City of New York*, 131 F.3d 305, 312 (2d Cir. 1997)). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

As an initial matter, Blasi has waived appellate review of the district court's treatment of all the claims raised in his consolidated complaints save for his due process claim relating to the New York City Department of Education's administrative C-31 hearing, which is the only claim for which he provides any specific arguments in his appellate brief. We have held that "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." *Norton v. Sam's Club*, 145 F.3d 114, 118 (2d Cir. 1998). Pursuant to this rule, we have concluded that "merely incorporating by reference an argument presented to the district court [or] stating an issue without advancing an argument" is insufficient to raise an issue for appellate review. *Id*. at 117. Moreover, while this rule is "tempered in *pro se* cases by our duty to construe liberally

3

papers filed by *pro se* litigants," *id*. at 118 n.1, we have also recognized that the degree of solicitude due to *pro se* litigants is "lessened" in situations where, as here, the litigant has previous legal experience, *see Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010).

Here, aside from his due process claim, Blasi – a former attorney with years of litigation experience – asserts only that "there was sufficient evidence to deny [the defendants'] summary judgment motion." He has advanced no specific arguments in support of this assertion, nor has he called our attention to the specific "evidence" upon which his assertion is based. Accordingly, we conclude that he has waived appellate review of the district court's treatment of his remaining claims. *Cf. Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 98 (2d Cir. 2012) (finding a challenge to the dismissal of a claim to be abandoned where an appellate brief "contain[ed] no authority or argument as to how the court erred in dealing with [a] claim").

With respect to Blasi's due process claim, we conclude, following an independent and *de novo* review of the record, that the district court properly determined that he was collaterally estopped from relitigating that issue by the New York state court's September 2005 decision dismissing Blasi's Article 78 petition and that, in any event, the claim is without merit. Accordingly, we affirm for substantially the same reasons set

4

forth by the magistrate judge in her March 12, 2012 report and recommendation and by the district court in its August 12, 2012 memorandum and order.  On appeal, Blasi reiterates his argument that the arbitrary and capricious standard of review used by the Article 78 court to review the C-31 hearing was "not adequate due process" where he had alleged a stigma-plus due process claim. Even assuming that he was not precluded from raising this argument, we have specifically held that, in cases involving probationary Department of Education employees like Blasi, "the availability of an adequate, reasonably prompt, post-termination name-clearing hearing is sufficient to defeat a stigma-plus claim" and that the procedures available at C-31 hearings are "adequate to protect [a plaintiff's] reputational and professional interests."  *Segal v. City of New York*, 459 F.3d 207, 214 (2d Cir. 2006).[**]

We have considered all of Blasi's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[**]We further reject as "patently frivolous" Blasi's argument that the district court judge was required to recuse herself because of her faith. *See Ransmeier v. Mariani*, 718 F.3d 64, 70-71 (2d Cir. 2013).

5